UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:22-CR-340 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID CARROLL, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant David Carroll's *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence pursuant to Parts A and B of Amendment 821 to the Sentencing Guidelines. (Doc. 37.) The Federal Public Defender's Office filed a notice of no intent to supplement. (Doc. 38; *see* NDOH General Order No. 2023-20.) The government opposed Carroll's motion. (Doc. 39.)

**I.     Background**

On June 23, 2022, Carroll was indicted on one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 10.) On August 8, 2022, he pleaded guilty. (Doc. 15.)

The sentencing hearing was held on April 18, 2023. At sentencing, the Court determined that the total offense level was 21. (Doc. 21 at 114.)[1] Carroll's criminal history included convictions for reckless homicide, robbery, felon in possession, and drug possession. (*Id.* at 115-118.) For these offenses, Carroll's criminal history points totaled four, and his Criminal History

---

[1] For ease and consistency, record citations are to the electronically stamped CM/ECF document and PageID# rather than any internal pagination.

Category was III.  Status points did not apply, and none were added to his criminal history point total.  (*Id*. at 118.)  The advisory Guidelines range for a total offense level of 21 and a Criminal History Category III was 46-57 months.  (*Id*. at 122; Doc. 36 at 213.)

After considering the Section 3553(a) sentencing factors, the Court imposed a 57-month term of incarceration, three years of supervised release, and a $100 special assessment.  (Doc. 35.)

II.     **Discussion**

District courts are generally prohibited from modifying "a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  However, "when a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," that sentence may be reduced if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the Section 3553(a) factors weigh in favor of a reduction.  *Id.*

Section 1B1.10 sets forth the Sentencing Commission's policy statement on sentence reductions.  To comply with Section 3582(c)(2), the court must adhere to a two-step process.  *Dillon v. United States*, 560 U.S. 817, 826 (2010).

> At step one, § 3582(c) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by determin[ing] the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing.  In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

(*Id*. at 821) (internal quotations omitted).

If a reduction is consistent with § 1B1.10(b)(1), the court then proceeds to step two:

> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.

(*Id.*)

At issue here are two recent amendments to the Sentencing Guidelines: (A) the "status points" provision imposing additional criminal history points when the instant offense was committed while the defendant was already serving a criminal justice act sentence, and (B) a two-level reduction for "Zero-Point Offenders." (Doc. 37 at 217.) While the amendments took effect after Carroll's sentence became final, the Sentencing Commission made these amendments retroactive. U.S.S.G. § 1B1.10(e)(2) and Application Note 7 (Nov. 1, 2023).

The Court will address status points first. Before Part A to Amendment 821 took effect, all defendants received two additional "status points" to their criminal history score if the instant offense was committed while the defendant was serving another criminal justice act sentence. Now, the status points provision reads as follows:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, supervised release, imprisonment, work release, or escape status.

U.S.S.G § 4A1.1(e).

Carroll had four criminal history points at the time of sentencing. (Doc. 21 at 118.) And he was not subject to any other under a criminal justice act sentence at the time of the charged offense conduct. (*Id.*) Status points were not applicable, and no status points were added to his criminal history score. (*Id.*)

There is no relief to be granted under Part A to Amendment 821 of the Sentencing Guidelines.

Carroll also seeks relief under Part B of Amendment 821, which provides for a two-level reduction in the calculated offense level for defendants who qualify as "Zero-Point Offenders." U.S.S.G. § 4C1.1(a). To receive this reduction, ten stated criteria must be met, two of which are pertinent here:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

…

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense.

Carroll received four criminal history points pursuant to Chapter Four, Part A. (Doc. 21 at 118.) On this fact alone Carroll cannot demonstrate his eligibility for relief as a Zero-Point Offender. U.S.S.G. § 4C1.1(a)(1). Additionally, Carroll's offense conduct involved twenty (20) firearms and more than 1,800 rounds of ammunition. (*Id*. at 112-13.) Carroll's offense conduct disqualifies him from Zero-Point Offender consideration. U.S.S.G § 4C1.1(a)(7).

Accordingly, Carroll is not entitled to relief under Part B to Amendment 821 of the Sentencing Guidelines.

### III. Conclusion

For the reasons stated herein, Defendant David Carroll's motion under 18 U.S.C. § 3582(c)(2) for a reduced sentence pursuant to Parts A and B of Amendment 821 to the Sentencing Guidelines is DENIED.

**IT IS SO ORDERED.**

_____
BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

**Date**: May 8, 2024